# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID ALLEN HAGELIN,** | ) |
| Plaintiff, | ) Case No. 7:21CV00077 |
| v. | ) **OPINION AND ORDER** |
| **SGT. CAUDILL,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*David Allen Hagelin, Pro Se Plaintiff.*

The plaintiff, David Allen Hagelin, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that a prison official at Wallens Ridge State Prison ("Wallens Ridge") used excessive force against him and failed to accept his evidence as "a 'material witness' in a 1986 Federal Capital Murder for Hire in Manson, Maine." Compl. 2, ECF No. 1. After review of the record, I find that Hagelin's subsequent submissions, seeking interlocutory injunctive relief, mandamus, or to amend his claims, must be denied.

Since filing the Complaint, Hagelin has submitted the following pleadings that seek interlocutory injunctive relief from the court: ECF Nos. 2, 6 (a proposed amendment to ECF 2 that I will grant), 12, and 16. Specifically, Hagelin wishes to be transferred to a federal prison (without any evidence that he has a federal conviction or prison sentence) or to be assigned a single cell in a mental health pod

at Wallens Ridge. Hagelin alleges that the defendant, Sergeant Caudill, and other officers at Wallens Ridge have created a hostile environment toward him by calling him names related to his offense conduct. He also states that he fears for his life after Caudill allegedly said he wished Hagelin was dead.

Hagelin also claims that another inmate at Wallens Ridge, Jason Karivias, has threatened to kill him and continually harasses him. Hagelin allegedly heard Karivias confess that he ordered a former roommate to murder two people. Because Hagelin promises to aid law enforcement in prosecuting Karivias for these murders, Karivias has allegedly threatened Hagelin's life and has repeatedly harassed him.

In another motion, Hagelin asks the court to order prison officials not to transfer him to River North Correctional Center ("RNCC"). From information other inmates have provided to him, he believes he will be harshly treated there in various ways and will not be allowed to use his hearing aids or charger for eight months.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a *clear* showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To qualify as irreparable, the feared harm must be "neither remote nor speculative, but actual and imminent," *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d

Cir. 1989),[1] such that it poses a real and immediate threat, *Dan River, Inc. v. Icahn*, 701 F.2d 278, 283 (4th Cir. 1983).

Hagelin's desire for transfer to a federal prison is not a form of relief that I can grant. The Virginia Department of Corrections ("VDOC") and the Federal Bureau of Prisons ("BOP") are tasked with determining the appropriate detention facility for each prisoner in their custody. It is not the court's province to assign inmates to one prison system over the other, or one facility over another. *See, e.g., Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990) (holding BOP, not court, has authority to designate place of confinement for purposes of serving federal sentences of imprisonment). Therefore, to the extent Hagelin seeks transfer to a federal prison, I must deny his motions.

For similar reasons, I also find an insufficient basis for a court order to prohibit Hagelin's transfer to RNCC. The court simply does not decide where VDOC officials can house the inmates in their custody. Moreover, by Hagelin's own admission, his fears of RNCC are conclusory and based on hearsay from officers and inmates. He also states no facts suggesting an imminent risk that he will be transferred there or that such a transfer would cause him irreparable harm.

---

[1] I have omitted internal quotation marks, citations, and alterations here and throughout this Opinion, unless otherwise noted.

Hagelin's motions also concern his fears about Inmate Karivias. This issue, however, is completely unrelated to Sergeant Caudill, the only defendant in this § 1983 action. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Hagelin does not allege that Caudill is aware of Karivias' alleged past threats and harassment to Hagelin, or that Caudill knows of Karivias' alleged murderous acts or any other reason this inmate may pose a serious risk of harm to other inmates. There is also no indication that Caudill is responsible for designating when certain inmates should be kept apart from each other. Because Caudill's misconduct alleged in the Complaint has no causal relationship to Karivias' threats to Hagelin's safety, I cannot find that preliminary injunctive relief is warranted on this topic in this case. Hagelin is advised to share information directly with prison officials about any person or condition that he believes threatens his safety.

Hagelin's submissions also include his demand for a "writ of mandamus to compel the FBI [Federal Bureau of Investigation] to investigate Hagelin's assertion that he is a material witness in the Manson, Maine Federal Capital Murder." Pet.

Mandamus 6, ECF No. 17. Mandamus is an "extraordinary" remedy and will only issue where "the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." *First Fed. Sav. & Loan Ass'n of Durham v. Baker (In re First Fed. Sav. & Loan Ass'n of Durham)*, 860 F.2d 135, 138 (4th Cir. 1988). For the issuance of a writ of mandamus to be proper, three elements must coexist: "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *Id*.

It is well established that a court cannot issue a mandamus directing the FBI to investigate a particular matter, as Hagelin demands. *See, e.g., Gant v. FBI*, 992 F. Supp. 846, 848 (S.D.W. Va.), *aff'd*, 155 F.3d 558 (4th Cir. 1998) (citing other cases). Federal law provides that the FBI "may investigate" federal crimes, but this authority creates a "discretionary rather than mandatory authority" to investigate. *Id*. Because the second element required for a writ of mandamus is absent, I need not consider the remaining elements to deny Hagelin's mandamus request directed to the FBI.[2]

---

[2] Hagelin also asks the court to order preservation of the surveillance video footage of the alleged excessive force incident at issue in this case. *See* Pet. Mandamus 5, ECF No. 17. I construe this request as a request for production from the defendant, who has not yet been served. Finding the video footage to be potentially relevant to Hagelin's § 1983 claim, I will direct the warden of Wallens Ridge to make every effort to preserve any available video footage of the incident.

In addition to the motions for interlocutory relief, Hagelin has submitted a brief, untitled pleading without any clear purpose, ECF No 13.[3] Among other extraneous matters, it repeats Hagelin's concerns about Caudill's failure to take seriously his account of the Manson, Maine, murders and Hagelin's desire to speak with law enforcement about Karivias' confession to murder. I will construe this submission as another attempted amendment to the Complaint, which I will deny. I will not allow Hagelin to build his case, piecemeal, by submitting multiple repetitive and overlapping documents, as he has been attempting to do so far. If he wishes to add to claims or facts in support of his Complaint against Defendant Caudill, he must submit a Motion for Leave to File an Amended Complaint, with a proposed Amended Complaint attached that makes a complete and unified statement of his claims against the defendant and the facts in support of those claims.

For the reasons stated, it is **ORDERED** as follows:

1. Plaintiff's amendment, ECF No. 6, to his motion seeking interlocutory relief, ECF No. 2, is GRANTED;

---

[3] Another such submission, ECF No. 8, was construed as a motion to amend by the magistrate judge. The magistrate judge granted the motion to the extent that it sought to dismiss Hagelin's claims against Counselor Rose but denied the motion as to all other proposed additions to the Complaint. The Order, ECF No. 9, expressly advised Hagelin that, "if he wishe[d] to amend his complaint, he should file a motion to amend with a proposed complete, unified amended complaint containing all his claims attached to the motion." Hagelin has not chosen to file an Amended Complaint.

2. Plaintiff's motions for interlocutory injunctive relief, ECF Nos. 2, 12, and 16, are DENIED;

3. Plaintiff's motion seeking a writ of mandamus against the FBI, ECF No. 17, is DENIED;

4. The Warden of Wallens Ridge State Prison is DIRECTED to make every effort to preserve any available surveillance camera footage of D1-102 from July 15, 2020, 8:45 a.m. to 9:45 a.m. until this litigation is completed; and

5. Plaintiff's motion apparently seeking to amend his Complaint, ECF No. 13, is DENIED.[4]

ENTER: July 15, 2021

/s/ JAMES P. JONES
United States District Judge

---

[4] By separate Order, the court will direct the Clerk to attempt service of process of the Complaint on the defendant.