# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID ALLEN HAGELIN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00077 |
| ) | |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **SGT. CODY ALLEN CAUDILL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.   ) | |
| ) | |

*David Allen Hagelin*, Pro Se Plaintiff; *Stacie A. Sessoms, Assistant Attorney General*, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendant.*

The plaintiff, David Allen Hagelin, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. The Complaint alleges that the defendant, Sergeant Cody Allen Caudill, refused to listen to Hagelin's evidence about a past crime (Claim 1) and used excessive force against Hagelin (Claim 2). After review of the record, I conclude that the defendant's Partial Motion to Dismiss as to Claim 1 must be granted.

I.   BACKGROUND.

Hagelin is confined at Wallens Ridge State Prison ("Wallens Ridge"), a facility operated by the Virginia Department of Corrections ("VDOC"). His allegations in the Complaint are sparse:

> I am a "material witness" in a 1986 Federal Capital Murder for Hire in Monson, Maine, & Sgt. Caudill denied me the right to tell him everything.
>
> Sgt. Caudill maimed me at about 9:15 am on July 15, 2020 by doing a "roundhouse right" to my left ear & broke my temple bone & ruptured ear drum.[1]

Compl. 2, ECF No. 1.[2] As relief, Hagelin seeks monetary damages, immediate transfer to a federal prison, and "life time education." *Id.* Caudill has filed a Partial Motion to Dismiss as to Claim 1 and an Answer as to Claim 2, which I construe as alleging use of excessive force. Hagelin has responded to the motion, making the matter ripe for consideration.

## II. DISCUSSION.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does

---

[1] Hagelin provides more factual allegations about this incident in a separate motion that accompanied the Complaint:

> Caudill violently assaulted, maimed, & try to murder me while I was helpless in leg shackles & hands handcuffed behind my back calmly sitting on the exam table in the first examination room in Wallens Ridge medical waiting to have my neck examined. I had staged a mock hanging to protest for not getting an indigent bag for the 3rd time in 11 months at Wallens Ridge.

Mot. Prelim. Inj. 1-2, ECF No. 2.

[2] While Hagelin has raised other matters in later submissions that were addressed by separate prior orders, I conclude that he has properly raised only these two claims against Caudill in his individual capacity.

not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In Claim 1, Hagelin alleges that Caudill denied him "the right" to recount details about his involvement as a material witness related to a 1986 murder for hire in Monson, Maine. Compl. 2, ECF No. 1. As stated, a viable § 1983 claim must identify a right protected by the Constitution or federal laws. Hagelin fails to meet this critical requirement. I can find no legal support for the notion that an inmate has a federally protected right to have a Virginia correctional officer listen to his purported knowledge of a decades-old crime in another state. Hagelin's submissions do not suggest that Caudill's refusal to hear Hagelin's account about this crime prevented Hagelin himself from providing his information to other law enforcement authorities for consideration. Indeed, Hagelin indicates that he has made several attempts to do so over the years. Failure to state facts showing deprivation of a federally protected right is fatal to Hagelin's § 1983 claim about the 1986 murder.

Hagelin argues that Caudill's actions violated some unidentified VDOC policy or state regulation. An official's alleged violation of state policies or regulations, however, does not give rise to any constitutional violation actionable under § 1983. *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990).

For the reasons stated, I will grant Caudill's Partial Motion to Dismiss as to Claim 1. The case will proceed as to Hagelin's Claim 2, alleging excessive force.

### III. CONCLUSION.

For the reasons stated, it is hereby **ORDERED** as follows:

1. The Partial Motion to Dismiss, ECF No. 34, is GRANTED, and Claim 1 is DISMISSED WITH PREJUDICE; and

2. Defendant Caudill is DIRECTED to file, within 21 days from the entry of this Order, any motion for summary judgment as to Hagelin's Claim 2, alleging excessive force. If no such motion is filed within that time, the court will set this matter for a jury trial in the Abingdon Division.

ENTER: August 16, 2022

/s/ JAMES P. JONES
Senior United States District Judge