# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID ALLEN HAGELIN,** | ) |
| Plaintiff, | ) Case No. 7:21CV00077 |
| v. | ) **OPINION AND ORDER** |
| **SGT. CODY ALLEN CAUDILL,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*David Allen Hagelin, Pro Se Plaintiff; Stacie A. Sessoms, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, Richmond, Virginia, for Defendant.*

The plaintiff, David Allen Hagelin, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant correctional officer used excessive force against him. After review of the record, I conclude that the defendant's Motion for Summary Judgment must be granted.

## I.   BACKGROUND.

Hagelin's claims arose at Wallens Ridge State Prison (Wallens Ridge), a prison operated by the Virginia Department of Corrections (VDOC). In his verified Complaint, he asserts that "Sgt. Caudill maimed [him] at about 9:15 am July 15, 2020 by doing a 'roundhouse right' to [his] left ear & broke [his] temple bone & ruptured eardrum." Compl. 2, ECF No. 1. In an unverified, attached motion, Hagelin alleges additional facts related to his claims. He states that "Caudill

violently assaulted, maimed, & try [sic] to murder [him] while [he] was helpless in leg shackles & hands handcuffed behind [his] back calmly sitting on the exam table in the first examination room in Wallens Ridge medical waiting to have [his] neck examined." Mot. 1-2, ECF No. 2.  He believes that Caudill's blow caused him to suffer a hearing impairment.

Hagelin filed his Complaint in April 2021, seeking monetary damages and a transfer.  The court granted a Partial Motion to Dismiss as to Hagelin's additional claim that Caudill deprived him of rights as a material witness to a 1986 murder. Op. & Order, ECF No. 51.  Caudill then filed a Motion for Summary Judgment as to the excessive force claim, arguing in part that Hagelin failed to exhaust administrative remedies on this claim as required under 42 U.S.C. § 1997e(a).  In support of his motion, Caudill submits several affidavits, including one by B. Ravizee, the Institutional Ombudsman at Wallens Ridge.  Hagelin responded to the motion, making it ripe for consideration.

II. DISCUSSION.

A. *Standards of Review.*

Rule 56 of the Federal Rules of Civil Procedure provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if a reasonable jury could return a verdict for

the nonmoving party." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).[1]  "A fact is material if it might affect the outcome of the suit under the governing law." *Id.*  In considering a motion for summary judgment, the court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Id.* at 312–13.  To withstand a summary judgment motion, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil action in this court concerning prison conditions until he has first exhausted available administrative remedies.  This exhaustion requirement is "mandatory," *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016), and "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To comply with § 1997e(a), an inmate must follow each step of the established grievance procedure that the prison facility provides to its inmates and meet all deadlines within that procedure. *Woodford v. Ngo*, 548 U.S. 81, 90–94 (2006).  Even if the particular form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings, he must, nevertheless, exhaust properly all available remedies under that procedure

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

before bringing a civil action in this court. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

## B. VDOC Grievance Procedures.

Operating Procedure (OP) 866.1 is the written administrative remedies procedure that VDOC inmates must follow to comply with § 1997e(a). Mem. Supp. Mot. Summ. J. Ex. A, Ravizee Aff. ¶ 5 and Encl. A, ECF No. 55-1. All issues are grievable except disciplinary proceedings and matters outside the control of the VDOC. Under OP 866.1, an inmate with a grievance about some event or issue must first make a good faith effort to resolve his concerns informally, which he may do by completing an Informal Complaint form and submitting it to prison staff. He should receive a written response on the bottom of the Informal Complaint form within fifteen days, to allow him to initiate the formal grievance procedure by filing a Regular Grievance (with the Informal Complaint or any other relevant documentation attached).

A Regular Grievance must be filed within thirty days of the occurrence about which it complains. If a Regular Grievance does not comply with the filing requirements of OP 866.1, it will be rejected at intake and returned to the inmate within two working days from the date of receipt. The respondent will note on the back of the form the reason for rejection (expired filing period, more than one issue raised, request for services, etc.). The respondent will also instruct the inmate how

to remedy any problems with the grievance if feasible so that he can correct the issue and resubmit the Regular Grievance. If the inmate disagrees with the intake decision, he may send the Regular Grievance to the Regional Ombudsman for review of that decision. There is no further review of an intake decision, and an appeal of "the intake decision does not satisfy the exhaustion requirement." Ravizee Aff. ¶ 5, ECF No. 55-1.

After a Regular Grievance is accepted at intake, the warden or his designee will investigate the complaint it contains and send the inmate a Level I response. If the responding official determines the grievance to be "unfounded," the inmate has five days to submit the Regular Grievance and attachments on appeal to Level II, to an appropriate VDOC official such as the Regional Administrator or other administrator, depending on subject matter. In most cases, this Level II review is the final available level of appeal. For full exhaustion, the inmate must submit his claim via an Informal Complaint, then in a Regular Grievance, and then through all available levels of appeal in OP 866.1.

### C. Hagelin's Administrative Remedy Records.

A review of Wallens Ridge administrative remedy records reflects that Hagelin has not pursued his current claims through the procedures in OP 866.1 as required for exhaustion. While these records show that Hagelin filed Informal Complaint forms and a Regular Grievance about other incidents or concerns at

Wallens Ridge from July 2020 through October 2020, the Institutional Ombudsman states: "Hagelin has not had any regular grievances accepted for intake and processed through the required levels of appeal regarding [his] allegation that Sergeant Caudill allegedly 'maimed' him by doing a 'roundhouse right' to his left ear, breaking his temple bone and rupturing his eardrum on July 15, 2020." *Id.* at ¶ 11. Hagelin has not disputed the accuracy of the administrative records on which the defendant relies.

The defendant bears the burden of proving the affirmative defense that Hagelin failed to exhaust available administrative remedies regarding his claims before filing suit. *Jones v. Brook*, 549 U.S. 199, 216 (2007). Caudill has done so. From the undisputed evidence of Hagelin's recorded grievance filings, it is clear that he did not properly file and have recorded any Regular Grievance about Caudill's alleged use of force on July 15, 2020. Thus, Hagelin failed to fulfill even the first step in the VDOC procedure requirements.

Hagelin can survive summary judgment for failure to exhaust if he shows that the remedies under the established grievance procedures were not "available" to him. *Ross v. Blake*, 136 S. Ct. 1850, 1858–60 (2016). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Hagelin makes no such showing.  On the § 1983 Complaint form, he indicates that he filed grievances on the facts of this case.  But when asked to indicate the results of those grievances, he states: "Paperwork 'destroyed'/'lost' in Wallens Ridge mail."  Compl. 1, ECF No. 1.  This statement is conclusory and unsupported by any factual allegations or Hagelin's personal knowledge.  He does not state what particular type of administrative remedy form he filed, what he asserted on the form, when he attempted to submit the form, or what response (or lack of response) occurred.

Hagelin's self-serving and conclusory allegations that the court need not accept as true in a summary judgment analysis.  *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (finding that non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment).  Moreover, "unsubstantiated and conclusory assertions by prisoner-plaintiffs that prison grievances were hindered, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, fail to create a genuine issue of material fact sufficient to withstand summary judgment." *Pickens v. Lewis*, No. 1:15-CV-275-FDW, 2017 WL 3277121, at *4 (W.D.N.C. Aug. 1, 2017)).  The district court has an "affirmative obligation" to "prevent factually unsupported claims and defenses from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

Based on the record before me, I conclude that Hagelin has failed to present a genuine issue of material fact on which he could persuade a fact finder that administrative remedies were unavailable to him at Wallens Ridge in the months after the incident at issue in this case. Therefore, I conclude that his lawsuit is barred under 42 U.S.C. § 1997e(a) because he did not exhaust administrative remedies before filing the case, and the defendant is entitled to summary judgment on that ground as a matter of law. I also find no indication from the VDOC grievance procedure in the record that Hagelin could now pursue and exhaust administrative remedies about the defendant's alleged violation of his constitutional rights on July 15, 2020. Accordingly, I will dismiss his § 1983 claims with prejudice.

Finally, I must deny Hagelin's request for summary judgment. He moves for such a ruling in his favor as part of his untitled response to the defendant's summary judgment motion, ECF No. 57. Because I have found that Hagelin's case is barred because he failed to exhaust administrative remedies, his purported motion for summary judgment is moot.

### III. CONCLUSION.

For the stated reasons, the defendant's Motion for Summary Judgment, ECF No. 54, is GRANTED. I will DENY Hagelin's request for summary judgment, and Hagelin's remaining § 1983 claim is DISMISSED WITH PREJUDICE. A separate final judgment will enter herewith.

-9-

It is so **ORDERED**.

ENTER: June 8, 2023

/s/  JAMES P. JONES
Senior United States District Judge